WALTER H. CONDICT

*v.*

ERIE RAILROAD COMPANY et al.

[Decided June 4th, 1910.]

1. In a suit to quiet title, the fact that so much of the answer as shows defendant's claim of title may be defective is no reason for striking out the whole answer, where response is correctly made to complainant's allegations as to his own title and possession.

2. An answer in equity is evidence for complainant so far as it extends, and so far as it is against him, it makes an issue of fact to be tried.

3. In a suit to quiet title, the allegations in the answer setting up defendant's title could not be struck out on the ground that no title was shown, on a motion under rule 213, allowing objections to pleadings to be made by motion, as the rule was intended to substitute the motion for an exception, and not for a demurrer to an answer, and makes the motion a waiver of the right to demur or except.

On motion to strike out answer.

*Messrs. Condict, Condict & Boardman,* for the motion.

*Messrs. Cortlandt & R. Wayne Parker,* for the defendants.

EMERY, V. C.

At the hearing of the motion to strike out the answer in this case, the objections that the answer was not filed in time and that it was not under the seal of the corporation, were abandoned and the motion rested on the other objections. The bill is filed under the act to quiet title, alleging, among other things, complainant's peaceable possession of the lands in question—defendant's claim of title to some part of it, and that no suit is pending to enforce or test the validity of defendant's title or claim, and the bill calls for answer by the defendants. The two defendants answering jointly admit

"that complainants are in possession of part of said premises, but say that these defendants are in possession of such part of said premises as are hereinafter stated."

This part of the premises so referred to is a tunnel for a railroad track, under the premises described by the bill, constructed by defendants' predecessor in title previous to complainant's purchase of the lands, and as to the possession of this part of the premises, the answer says the defendants

"have been the owners and possessors of said tunnel and its appurtenances as originally existing or projected through the said premises mentioned in said bill and that they have been in open, notorious and exclusive possession of said tunnel to the extent that it was capable of being owned and possessed,"

and that any rights complainant has acquired are subject to defendants' rights.

The answer also sets up certain facts relating to the location and construction of the tunnel and to certain mortgages given by the company which constructed the tunnel, and foreclosure of the mortgages under which defendants claim title.

Exceptions have not been taken to any part of the answer as insufficient, but the only motion is to strike out the entire answer, which includes as well the parts of the answer responsive to the allegations relating to possession and title, as well as the part setting up defendants' claim. At the argument the motion to strike out the entire answer is based substantially on the reason that the defendants' claim of title as set out in the answer is not a valid claim either at law or in equity. If this were a valid reason for a motion to strike out so much of the answer as purports to set up defendants' claim, it is no reason whatever for striking out so much of the answer as is responsive to the complainant's allegations as to his own title and possession and which he has called on defendants to answer, and which they were obliged to answer, and have answered. The answer so far as relates to these allegations of the bill is certainly proper. It is evidence in complainant's favor so far as it extends, and so far as against him, makes an issue of fact to be tried, but the answer cannot, as a whole, be ignored and stricken from the files.

Nor, under the decisions as they stand, could that part of the answer which sets up defendants' title be stricken out on this motion, on the ground that no title is shown by the answer. The motion is made under rule 213, allowing objections to a pleading, or any part of it, to be made on motion, the motion being a waiver of a right to demur to a bill or except to an answer. This rule has stood in its present form since 1886, and the cases have uniformly held that a motion to strike out part of an answer because it set up no equitable defence, did not come under the rule. The rule, as the cases hold, was not intended to allow a demurrer to an answer in the form of a motion, but only to allow the motion to strike out to take the place of an exception.

In *Doane, &c., Co.* v. *Essex Building Co.* (*Vice-Chancellor Stevens*), *59 N. J. Eq.* (*14 Dick.*) *142*, a motion to strike out part of an answer because it did not disclose an equitable defence was denied, and it was said that the proper method of raising this question, if complainant chose to take the risk, was to set the case down for hearing on bill and answer, where all the allegations of the answer are, under the statute, taken as true. *Chancery act* § *31*. The same ruling was made in *Brill* v. *Riddle Company* (*Vice-Chancellor Grey, 1900*), *47 Atl. Rep. 223;* in *Haberman* v. *Kaufer* (*Vice-Chancellor Grey, 1900*), *60 N. J. Eq.* (*15 Dick.*) *271, 274*, and *Sea Coast Railroad Co.* v. *Wood* (*Vice-Chancellor Reed, 1903*), *65 N. J. Eq.* (*20 Dick.*) *530*. The decision of Vice-Chancellor Stevenson in *Fittichauer* v. *Metropolitan, &c., Co.* (*1905*), *70 N. J. Eq.* (*4 Robb.*) *429*, relied on by complainant's counsel, does not at all question these cases, but only decides that where the complainant, besides alleging the statutory facts giving jurisdiction, goes on to state defendants' title, the court will not, on demurrer to the bill, decide as to the validity of defendants' title. His observations as to the nature of an answer as an affirmative pleading, do not affect the present question.

The motion to strike out will be denied, but in view of the waiver of the formal objections made at the hearing, for the purpose of arguing the motion on the merits, no costs will be allowed.